Stephen Bruce BOOKER, individually and as a representative Underwriter of Lloyd's, subscribing to Policy Nos. 36609/85 and 36610/85, Plaintiff,

v.

FREDERICK S. TODMAN & CO., Defendant.

Richard W. Hill, Esq., Trustee under the Securities Investor Protection Act for the Liquidation of Bevill, Bresler & Schulman, Inc., Applicant for Intervention.

No. 86 Civ. 4653(WCC).

United States District Court, S.D. New York.

Dec. 1, 1986.

**139**

Mendes & Mount, New York City, for plaintiff; Richard A. Kissel, of counsel.

Parker Chapin Flattau & Klimpl, New York City, for defendant; Charles W. Stotter, of counsel.

McCarter & English, Newark, N.J., for Richard W. Hill, trustee; Richard R. Meade, of counsel.

WILLIAM C. CONNER, District Judge:

On May 8, 1985, Judge Dickinson R. Debevoise, of the United States District Court for the District of New Jersey, decreed that the customers of Bevill, Bresler & Schulman Inc. ("BBS Inc.") were in need of the protection afforded by the Securities Investor Protection Act ("SIPA"), 15 U.S.C. § 78aaa *et seq.*, and appointed Richard W. Hill, Esq. as Trustee for the liquidation of BBS Inc. On July 11, 1986, the Trustee filed a complaint (the "Trustee's Complaint") against Frederick S. Todman & Company ("Todman"), the accounting firm which had served BBS Inc., and against eight partners and former partners in that firm. The Trustee's Complaint, filed in United States District Court in New Jersey, alleges causes of action against the defendants named therein for malpractice, negligent misrepresentation, breach of express warranty, breach of contract, and securities fraud.

Prior to the filing of the Trustee's Complaint against Todman, Stephen Bruce Booker (individually and a representative Underwriter of Lloyd's) (hereinafter collectively referred to as "Lloyd's") filed the original complaint in this action. Following the filing of the Trustee's Complaint against Todman in New Jersey, Lloyd's filed an amended complaint ("Lloyd's Amended Complaint") in the action before this Court (the "Lloyd's Action"). The Lloyd's Action relates to two accountant liability insurance policies issued by Lloyd's to Todman (the "Lloyd's Policies"). In its Amended Complaint, Lloyd's seeks a declaratory judgment that the Lloyd's Policies are not applicable to any claim asserted against Todman arising out of its engagement as independent accountant for BBS Inc.

The Trustee sees a compelling need to intervene in this action since the allegations in the Lloyd's Amended Complaint directly contradict material allegations of the Trustee's Complaint in the New Jersey action. The Trustee believes that a decision by this Court in favor of Lloyd's would impair his ability to protect his interest; accordingly, the Trustee has moved to intervene pursuant to rule 24, Fed.R.Civ.P. Among other things, the Trustee's Complaint filed in New Jersey alleges that during the "Engagement Period" (defined as the period from the fiscal year ending September 30, 1980 through *at least March 1985*) certain officers of BBS Inc. (the "Bevill Group") violated various provisions of the federal securities laws. The Trustee's Complaint further alleges that "by reason of Todman's knowledge or reckless disregard of the violations of the federal securities laws by the Bevill Group, and the substantial assistance Todman rendered to such violations, Todman aided and abetted the Bevill Group's violations of [such laws]." Trustee's Complaint ¶ 53.

While BBS Inc. was still a viable company, it designated Todman as its accountant on the records of the Securities Exchange Commission (the "SEC") pursuant to Rule 17a–5(f)(2) promulgated under Section 17(a)

of the Securities Exchange Act. It is also alleged that Todman continued to serve as "auditor of record" through at least April 8, 1985, when the SEC first instituted action against BBS Inc. Furthermore, it is alleged that in March 1985 Todman performed other non-audit services for BBS Inc. Given these allegations by the Trustee, there may be some ground for imposing liability on Todman for acts during the admitted policy coverage period. The Trustee's complaint alleges that Todman is liable to the BBS Inc. estate for acts, errors, or omissions committed by Todman during the admitted policy coverage period commencing January 7, 1985. Conversely, Lloyd's asserts that the "acts, errors, or omissions of Todman that underlie [the Trustee's Complaint], or any claim relating to Todman's engagement by [BBS Inc.] and related entities, were committed prior to January 7, 1985." Lloyd's contention is not simply that its policies do not cover any acts or omissions prior to January 7, 1985, but also that any acts or omissions subsequent to that date do not give rise to a claim by the Trustee against Todman. A ruling in favor of Lloyd's in this action on that issue, according to the Trustee, would impair the Trustee's ability to protect its interest and prevail on its claim in the New Jersey action. It is for this reason that the Trustee has sought to intervene here.

## Discussion

Rule 24(a), Fed.R.Civ.P., provides in pertinent part that

> [u]pon timely application anyone shall be permitted to intervene in an action: ... (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

First, it is clear that the Trustee's application to intervene, made a few weeks after the action was brought and before trial preparation commenced, has been made in timely fashion. Second, it is evident that the Trustee "claims an interest relating to the property or transaction which is the subject of [this] action." The Trustee has asserted a claim against the insured which far exceeds the $2 million limits of the Lloyd's policies. That claim is based in part on acts and omissions allegedly within the admitted policy coverage period and in part on acts outside that period. It involves both the property (the proceeds of the insurance policies) and the transaction (Todman's acts and omissions) which are the subject of the Lloyd's Action.

Third, the disposition of this action "may as a practical matter impede [the Trustee's] ability to protect [his] interest." A ruling by this Court that Lloyd's has no duty to indemnify Todman for any acts or omissions subsequent to January 7, 1985 because the Trustee does not have any valid claim against Todman as a result of such acts or omissions, might seriously prejudice the Trustee in the prosecution of his action in New Jersey against Todman. In *Oneida Indian Nation of Wisconsin v. New York*, 732 F.2d 261 (2d Cir.1984), an action was brought by one Indian nation to recover more than five million acres of land in central New York based on certain treaties with the State of New York and the United States. Five other Indian nations sought to intervene in the action, claiming that the lands sought by the Oneida nation belonged jointly to a confederacy of the Oneida nation and the five nations seeking intervention. The Second Circuit held that

> because we believe that there is a substantial likelihood that the claims and interests of the proposed intervenors concerning the disputed lands may be adversely affected at least by the principles of *stare decisis*, arising out of the final judgment to be entered in this case ... we conclude that they may intervene as a matter of right. 732 F.2d at 265.

Similarly, here, the claims and interests of the Trustee concerning the disputed liability of Todman for continuing violations of its duties arising out of its work for BBS Inc. would be adversely affected at least by

the principles of *stare decisis* arising out of a final judgment in this case on that issue. *See also New York Public Interest Research Group, Inc. v. The Regents of the University of the State of New York*, 516 F.2d 350, 352 (2d Cir.1975).

Finally, it is clear that the interests of the Trustee will not be adequately protected by Todman in this action. Indeed, Todman's interest is adverse to that of the applicant for intervention, *see Stadin v. Union Electric Co.*, 309 F.2d 912, 919 (8th Cir.1962), and in the case before this Court Todman will surely argue that no liability arises out of its acts or omissions after January 7, 1985 in connection with its engagement by BBS Inc. Given these circumstances, the Trustee must be present in order to protect its interests.

Since I conclude that the Trustee has satisfied each of the requirements of Rule 24(a)(2) for intervention as of right, I rule that he may intervene in this action.

Further, even if the Trustee had not met the requirements for intervention as of right, it has certainly fulfilled those for permissive intervention under Rule 24(b), Fed.R.Civ.P., which provides in pertinent part that "[u]pon timely application, anyone may be permitted to intervene in an action ... when an applicant's claim or defense and the main action have a question of law or fact in common.... In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties." As seen in the discussion above of the underlying facts of this action, there is no question that the applicant's claim and the main action have many questions of law and fact in common. Furthermore, there is no danger that the intervention "will unduly delay or prejudice the adjudication of the rights of the original parties." Lloyd's has already placed at issue in this action whether any acts or omissions on the part of Todman which took place subsequent to January 7, 1985 give rise to a claim by BBS Inc. against Todman. This is precisely the issue upon which the Trustee seeks to be heard, and,

as discussed above, is entitled to be heard. However, the intervention of the Trustee will not be permitted to delay trial of this action.

For the reasons discussed above, the Trustee's motion to intervene is granted.

SO ORDERED.